UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMERICAN ASSOCIATION OF          )
ORTHODONTISTS,                   )
                                 )
            Plaintiff,           )
                                 )
        vs.                      )        No. 4:07-CV-351 (CEJ)
                                 )
YELLOW BOOK USA, INC.,           )
                                 )
            Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand the action to the Twenty-First Judicial Circuit Court (St. Louis County) from which it was removed. Defendant opposes the motion and the issues are fully briefed. Defendant has separately filed a motion to dismiss plaintiff's complaint. Because the Court concludes it lacks subject-matter jurisdiction, it will remand the matter without considering defendant's dismissal motion.

This is the second action brought by the American Association of Orthodontists (AAO), an association of accredited orthodontic specialists, against Yellow Book, a national publisher of print and electronic directories.[1] Yellow Book advertises orthodontist-related services in its directories under the heading of "Dentist-Orthodontist" and lists under that heading both orthodontists and non-specialist general dentists. Plaintiff asserts that this

_____

[1] Plaintiff previously asserted a claim for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a). The Court found that plaintiff lacked standing to bring a Lanham Act claim and dismissed the complaint. See American Association of Orthodontists v. Yellow Book USA, Inc., No. 4:03-CV-1787 (CEJ), Memorandum and Order (E.D. Mo., Sept. 30, 2004).

listing violates Missouri's prohibition on deceptive advertising by dentists, Mo.Rev.Stat. § 332.321(2)(14)(f), and the American Dental Association's code of ethics. Plaintiff brings Missouri common-law claims for unfair competition and libel and seeks injunctive relief restraining defendant from listing general dentists with orthodontists without a disclaimer.[2]

Defendant removed the action to this Court, asserting jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiff now seeks remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000, exclusive of interest and costs.

## Discussion

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). In

---

[2]In Missouri, a general dentist engages in false, misleading or deceptive advertising if an announcement as to that dentist's services denotes or implies specialty services (such as orthodontics) without containing the following disclaimer as to lack of specialty: "Notice: the following dentist(s) in this practice are not licensed in Missouri as specialists in the advertised dental specialty(s) of _____." § 332.321.2(14)(f).

determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Court's jurisdiction in the instant case is premised on diversity of citizenship, which requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Federal courts are to strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). As the party invoking federal jurisdiction, defendant must prove by a preponderance of the evidence that the jurisdictional requirement is satisfied. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).

Defendant presents evidence demonstrating that the cost of its compliance with plaintiff's requested injunctive relief will exceed $75,000. As plaintiff correctly asserts, however, the Eighth Circuit determines whether a claim for injunctive relief satisfies the amount in controversy from the plaintiff's viewpoint. Smith v.

American States Preferred Ins. Co., 249 F.3d 812, 813 (8th Cir. 2001)(Eighth Circuit precedent "requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount."); Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987); Price v. Cybertel Cellular Tel. Co., 2007 WL 1445846 at *2 (E.D. Mo. May 14, 2007); Reinke v. Bank of America, NA, 2005 WL 3454428 at *1 (E.D. Mo. Sept. 12, 2005).

Defendant relies on Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809 (8th Cir. 1969) for the proposition that it is "particularly appropriate" to value the object of the litigation from the defendant's perspective "when the values to the parties are not the same and where the defendant has removed the action." Id. at 815. While Hatridge noted "the possibility of utilizing the defendant's risk as a measure of federal jurisdiction," the Eighth Circuit ultimately applied the plaintiff's viewpoint. Id. at 815, 816. Indeed, the Eighth Circuit is "of the view that the 'plaintiff's viewpoint' rule is the only valid rule." Massachusetts State Pharm. Ass'n v. Federal Prescription Serv., Inc., 431 F.2d 130, 132 n.1 (8th Cir. 1970) ("plaintiff's viewpoint" dictated by rule announced in Snyder v. Harris, 349 U.S. 332 (1969) against aggregation of class action claims to satisfy jurisdictional amount). Thus, "the amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced." Burns, 820 F.2d at 248. In this instance, plaintiff seeks to have a disclaimer of non-specialty

appended to general dentists appearing under the heading "Dentist-Orthodontist" in Yellow Book's Missouri directories.

The Court must next decide whether the amount in controversy should be based on the value of the litigation to the association, as asserted by defendant, or to its individual members, as plaintiff argues. Plaintiff correctly notes that the separate and distinct claims of two or more plaintiffs cannot be aggregated for the purpose of meeting the amount in controversy requirement. Snyder v. Harris, 394 U.S. 332, 335 (1969); Kessler v. National Enterprises, Inc., 347 F.3d 1076, 1078 (8th Cir. 2003). And, if an association has standing to litigate the claims of its individual members, it may also rely on them to meet the requisite amount in controversy. Hunt v. Washington State Apple Adv. Comm'n, 432 U.S. 333, 346 (1977).

Plaintiff cites Ferris v. General Dynamics Corp., 645 F. Supp. 1354 (D.R.I. 1986), for the proposition that basing jurisdiction on the value of the controversy to the AAO rather than its individual members is an impermissible exercise in aggregation. Ferris involved a suit brought by optometrists, their professional association, and patients against a large employer that disallowed insurance coverage for services provided by optometrists. The district court rejected the removing defendant's effort to rely on the presence of the professional association to establish the amount in controversy. Id. at 1363-64 (rejecting the "cosmetic expedient of forming a so-called 'association' to embrace the (individually insufficient) claims of putative class members and

agglomerating those claims to exceed the limit for the amount in controversy"). As the district court noted, the Supreme Court "has insisted on distinguishing associational suits from class actions." <u>Id.</u> <u>citing</u> <u>International Union, United Automobile, Aerospace & Agricultural Implement Workers of America v. Brock</u>, 477 U.S. 274 (1986). <u>Ferris</u> involved three classes of plaintiffs and, under <u>Zahn</u>, the claims of the individual class members could not be aggregated. <u>Id.</u> Unlike <u>Ferris</u>, this case does not involve a class action but a single plaintiff suing in its own name; thus <u>Ferris</u> is not determinative of the question in this case. Nevertheless, in this case, even when the value of the injunction is considered from the viewpoint of the association, it cannot be said that the amount in controversy requirement has been met.

Defendant first asserts that the sought-after injunction would solidify plaintiff's position as a credible representative of specialist orthodontists, thereby allowing it to attract new dues-paying members. Furthermore, defendant asserts, plaintiff could increase the dues paid by its 15,000 members. The Court has no doubt that the AAO would welcome increased membership -- and dues -- as consistent with its purpose of promoting the profession of orthodontics. But, the purpose of the injunctive relief plaintiff seeks is to prevent reputational damage to the profession by the provision of specialized services by untrained generalists to an uniformed public. The potential growth in membership is incidental to this action and the Court believes that the jurisdictional

analysis must be addressed to the value of the injunction to the plaintiff as it presently exists.

Yellow Book also argues that the injunction would significantly shift the balance of marketing power -- and some percentage of patients -- away from general dentists to specialist orthodontists. Defendant asserts that the injunction would shift $64 million in business from general dentists to orthodontists in its first year. In 2001, the median cost for orthodontic treatment was $4,150 for children and $4,480 for adults. Based on these figures, defendant conservatively assumes that each orthodontia customer requires $4,000 in services. Defendant next posits that a disclaimer would cause the diversion of one customer for each of the 1,600 advertisers under the "Dentist-Orthodontists" listing.[3] This supposition is based upon an assumption that dentists would not advertise their services unless it worked to attract business. The Court has reviewed defendant's efforts to quantify the value of the requested injunctive relief to plaintiff and concludes that it is entirely too speculative to support the exercise of jurisdiction in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #9] is **granted**.

---

[3]Defendant mistakenly increases this number to 16,000 advertisers, hence the astounding figure of $64 million per year; the correct calculation based upon defendant's assumptions is $6.4 million per year.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-First Judicial Circuit Court (St. Louis County) of Missouri from which it was removed.


                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2007.